UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 17-7012-JFW (MRWx)**                                   Date: February 2, 2018

Title:     Linda Lopez -v- Host International, Inc. et al.

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

      Shannon Reilly                              None Present
      Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER REMANDING THIS ACTION TO STATE COURT [filed 1/8/18; Docket No. 42]

On January 8, 2018, Plaintiff Linda Lopez ("Plaintiff") filed a Motion for an Order Remanding this Action to State Court ("Motion to Remand"). On January 12, 2018, Defendant Host International, Inc. ("HMS") filed its Opposition. On January 22, 2018, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument, and the hearing calendared for February 5, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

      **A.    Factual Allegations**

On November 8, 2015, Plaintiff was hired by HMS and Concessions Management Services, Inc. ("CMS") (collectively, "Defendants") as a cook. During her employment, Plaintiff became pregnant and notified her managers of her condition on July 19, 2016. On July 21, 2016, Plaintiff informed her managers that her doctor had placed her on work restrictions through September 4, 2016. On July 25, 2016, Plaintiff's managers informed her that management was unable to accommodate Plaintiff's work restrictions and that Plaintiff would need to take Family and Medical Leave Act ("FMLA") leave. On September 5, 2016, Plaintiff returned to work. Upon her return, the Human Resources department informed Plaintiff that she had to re-apply for her position. On September 15, 2016, Defendants informed Plaintiff that she would not be re-hired.

Plaintiff contends that Defendants terminated her employment on September 5, 2016 due to her perceived disabilities, her engagement in the protected activity of taking FMLA leave, her medical condition, her gender, and her pregnancy. As a result of Defendants' actions, Plaintiff alleges that she has suffered, and will continue to suffer, emotional distress, anxiety, depression, headaches, tension, and other physical ailments. Plaintiff has also allegedly been forced to incur medical expenses and psychological counseling and treatment.

### B. Procedural History

On March 15, 2017, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") related to her employment with Defendants. The DFEH subsequently issued Plaintiff a Right to Sue Letter.

On July 27, 2017, Plaintiff filed a Complaint in Los Angeles Superior Court alleging claims against Defendants for violations of the California Fair Employment and Housing Act ("FEHA"), wrongful termination in violation of public policy, and failure to permit inspection of personnel and payroll records. In her Complaint, Plaintiff alleged that HMS is a Delaware Corporation and that CMS is a California Corporation.

After filing her Complaint, Plaintiff learned the name of a new entity that she believed should be added as defendant in this action. As a result, on August 25, 2017—before the Complaint was served—Plaintiff filed a First Amended Complaint ("FAC") naming Concessions Management, Inc. ("CMI")—a Texas Corporation—and HMS as defendants. Plaintiff inadvertently failed to include CMS as a defendant, although there were references to CMS throughout the FAC.

On September 22, 2017, HMS filed an Answer to the FAC and a Notice of Removal removing this action to federal court. The same day, CMI joined in HMS' Notice of Removal. On October 3, 2017, Plaintiff filed a Notice of Dismissal of CMI from this action.

On October 20, 2017, Plaintiff filed an Ex Parte Application for Relief from Error. In her papers, Plaintiff indicated that she inadvertently failed to name CMS in her FAC and that she had attempted to rectify her error by fax filing a Doe Amendment in Superior Court; however, she learned that HMS had already filed a Notice of Removal. As a result, Plaintiff was prevented from adding CMS to the FAC. On October 26, 2017, the Court denied Plaintiff's Ex Parte Application seeking to add CMS as a defendant, without prejudice, because Plaintiff failed to meet the requirements for ex parte relief. Accordingly, on November 13, 2017, Plaintiff filed a noticed Motion for Leave to Amend the FAC ("Motion to Amend") to again name CMS as a defendant. HMS filed a Limited Opposition on November 20, 2017, and the Court granted Plaintiff's Motion to Amend on November 27, 2017.

On November 27, 2017, Plaintiff filed her Second Amended Complaint ("SAC") naming CMS as a defendant.

## II. LEGAL STANDARD

"A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). "A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the propriety of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges a defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. DISCUSSION

### A. The Court Will Consider Plaintiff's Motion to Remand Under 1447(e)

Pursuant to Rule 15(a)(2), a party may amend its pleading with an opposing party's consent or permission from a court. On November 13, 2017, Plaintiff filed a Motion to Amend to name CMS in the SAC. On November 20, 2017, HMS filed a Limited Opposition stating that it was taking "no position" regarding whether the Court should grant Plaintiff leave to amend to name CMS as a defendant. Although HMS indicated that it was filing the Limited Opposition to state its position that naming CMS would not require remand because the parties were diverse at the time of removal, HMS did not dispute Plaintiff's claim that she mistakenly failed to name CMS in the FAC or otherwise present any arguments in support of its position.[1] As a result, the Court granted the Motion to Amend pursuant to Local Rule 7-12.

At the time the Court granted Plaintiff's Motion to Amend, it did not consider the propriety of Plaintiff's request to add CMS as a non-diverse defendant under Rule 1447(e) because the parties failed to raise the issue.[2] However, in light of Plaintiff's Motion to Remand, the Court must now

---

[1] The Court finds HMS' argument that Plaintiff "effectively dismissed" CMS by failing to name CMS in the FAC unpersuasive. Although HMS relies on *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983), this action is factually distinguishable from *Lopez*. Unlike the plaintiff in *Lopez*, Plaintiff did not intentionally omit CMS from the FAC or delay in seeking relief from the Court to add CMS as a defendant after she realized her mistake. In addition, HMS has not presented any argument that Plaintiff named CMS in the SAC solely to deprive the Court of diversity jurisdiction. In fact, the Court concludes to the contrary based on Plaintiff's efforts to cure her mistake in state court before HMS removed the action.

[2] Because Plaintiff inadvertently failed to name CMS as a defendant in the FAC, the addition of CMS in the SAC simply cured counsel's mistake. Accordingly, the Court views Plaintiff's filing of the FAC and subsequent filing of the SAC as a continuation of Plaintiff's amendment as a matter of right under Rule 15(a). Pursuant to Rule 15(a), a party has an absolute right to amend a complaint, including a right to add non-diverse defendants. *Buffalo State Alumni*

conduct the required analysis under 1447(e).

### B. Remand Is Appropriate Under Section 1447(e)

It is well-settled that once an action is removed, a court has discretion to permit joinder of a diversity-destroying party pursuant to Section 1447(e) and remand the action to state court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When determining whether to permit joinder under Section 1447(e), a court must consider five factors: (1) whether the party sought to be joined is needed for adjudication and could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denies joinder; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party appears valid. *Forward-Rossi v. Jaguar Land Rover N.A., LLC*, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1081–82 (C.D. Cal. 1999). A court may also consider whether denying joinder will prejudice the plaintiff. *Sandhu v. Volvo Cars of N. America, LLC*, 2017 403495, at *2 (N.D. Cal. Jan. 31, 2017).

#### 1. Extent that CMS Is Needed for Just Adjudication of this Action

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a). Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), "amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19." *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (internal citation, quotation marks, and alterations omitted). "The standard is met when failure to join [a party] will lead to separate and redundant actions." *Id.* However, the standard is not satisfied when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.*

Plaintiff's claim for relief against CMS arises out of the same transactions as her claims against HMS. Indeed, the claims against both defendants involve the same employment relationship, the same allegedly discriminatory and unlawful conduct, and the same alleged violations of the FEHA. In addition, Plaintiff alleges that CMS and HMS are alter egos of one another and, therefore, their allegedly wrongful conduct is so "intermixed and intermingled that it cannot be separated." SAC § 12(e). Based on these allegations, the Court finds that resolution of Plaintiff's claims will likely require many of the same documents and witnesses and will implicate many of the same factual and legal questions. Accordingly, the Court concludes that CMS is directly related to the causes of action against HMS and was a direct participant in the conduct

---

*Ass'n, Inc. v. Cincinnati Ins. Co.*, 251 F. Supp. 3d 566, 576 (W.D.N.Y. 2017) (internal citation and quotation marks omitted). Given the procedural history of this action, Plaintiff should not be penalized for her diligent efforts to correct an inadvertent mistake of her counsel. To conclude otherwise would violate the spirit of Rule 15(a) allowing parties to amend a complaint as a matter of right.

that gives rise to Plaintiff's current claims against HMS.  Accordingly, this factor weighs in favor of permitting joinder.

### 2. Timeliness

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." *Sandhu*, 2017 WL 403495, at *3 (citing *Clinco*, 41 F. Supp. 2d at 1083).  The record in this matter reflects that Plaintiff's actions were timely.  First, it is undisputed that Plaintiff named CMS in her initial Complaint.  Although Plaintiff inadvertently failed to name CMS in the FAC, she sought Ex Parte relief to amend the FAC to name CMS on October 20, 2017—less than two months after she filed the FAC and less than a month after HMS filed its Answer to the FAC—and before any dispositive motions were filed.  *See id.* (finding that a plaintiff's motion to amend a complaint was timely because it was filed before any dispositive motions were filed).  Thus, the Court concludes that Plaintiffs filed the SAC in a timely fashion.  Accordingly, this factor weighs in favor of permitting joinder.

### 3. Motive Behind Joinder

"The motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Id.* (citing *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980))).  "A trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to state court." *Id.* (internal citation and quotation marks omitted).

HMS does not argue that Plaintiff named CMS in the SAC for the sole purpose of defeating federal subject matter jurisdiction, and there is no evidence in the record that Plaintiff has an improper motive in naming CMS.  Indeed, it is undisputed that Plaintiff named CMS in the initial Complaint and simply failed to name CMS in the FAC due to a clerical error and immediately attempted to correct the error in state court.  Accordingly, this factor weighs in favor of permitting joinder.

### 4. Apparent Validity of Plaintiff's Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Forward-Rossi*, 2016 WL 3396925, at *4 (internal citation and quotation marks omitted).  In considering the validity of a plaintiff's claims, a court only needs to determine whether the claim "seems valid."

All of the claims in Plaintiff's SAC are alleged against both HMS and CMS on the grounds that both entities employed Plaintiff and acted unlawfully towards her during her employment.  In addition, Plaintiff has alleged that HMS and CMS are alter egos of one another and that their allegedly wrongful conduct is so "intermixed and intermingled that it cannot be separated."  SAC § 12(e).  Moreover, HMS has not presented any argument or evidence suggesting that Plaintiff does not have "facially valid" claims against CMS.  Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

### 5. Statute of Limitations

If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action. Based on the allegations in the Complaint and SAC, as well as the filed supporting exhibits, and the fact that no Motion to Dismiss was filed, the Court concludes that the statute of limitations probably has not expired as to Plaintiff's claims against CMS. Accordingly, the Court concludes this factor weighs minimally in favor of denying joinder.

### 6. Prejudice to Plaintiff

Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once" and to force the plaintiffs to "proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Dec. 19, 2016) (internal citations and quotation marks omitted).

It is undisputed that Plaintiff's claims against HMS and CMS arise out of the same transaction or occurrence. Moreover, if the Court denied Plaintiff's Motion to Remand, Plaintiff would have to proceed with separate litigation against CMS in state court. Thus, Plaintiff and Defendants would be forced to incur significant expenses associated with pursuing similar litigation in two separate forums thereby prejudicing them. Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

Based on the foregoing, the Court concludes it is appropriate to exercise its discretion under Section 1447(e) to permit joinder of CMS as a defendant and remand this action to state court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED.** This action is hereby remanded to Los Angeles Superior Court.

IT IS SO ORDERED.